UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KENNETH J. DELANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-0830 (RBW) |
| | ) | |
| JAMES G. ROCHE, Secretary of the Air Force | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

On May 6, 2004, the plaintiff, Major Kenneth Delano, filed a complaint in this Court for declaratory relief, seeking to set aside a decision of the Air Force Board for Corrections of Military Records and the decision of the Air Force Evaluation Reports Appeal Board which had denied the plaintiff's request to remove his Education and Training Report, his non-judicial punishment, and related records from his personnel file. Complaint for Declaratory Relief ("Compl.") at 1, 15. The plaintiff also seeks monetary relief. Id. In his initial complaint, the plaintiff asserted that this Court had jurisdiction over his claims pursuant to the Little Tucker Act, 28 U.S.C. § 1346(a)(2) (2002), and the Administrative Procedure Act ("APA") 5 U.S.C. §§ 702, 706(2)(A) (2002), and that venue in this Court was proper because the defendant was "found" in the District of Columbia. Id. at 1. On May 25, 2004, the plaintiff submitted a motion for leave to file an amended complaint, which this Court granted, and the amended complaint was then filed on July 29, 2005. Thereafter, the parties filed cross-motions for summary

judgment.[1]  Before those motions became ripe, the plaintiff filed a Motion for Leave to Correct Amended Complaint ("Pl.'s Mot. to Am.")[2] and a Motion to Supplement the Administrative Record, and Memorandum in Support ("Pl.'s Mot. to Supp. Rec.").[3]  For the following reasons, the Court will grant both motions.

### I. Background

The plaintiff, Air Force Major Kenneth Delano, completed a 14 week Advanced Program Management Course at the Defense Systems Management College at Fort Belvior, Virginia in April 1998.  Compl. ¶ 2.  On April 17 of that year, the plaintiff received a Training Report ("TR") indicating that his training commenced on January 12, 1998, and was completed on April 17, 1998.  Id. ¶ 3.  He subsequently attended a 42 week Air Command and Staff College ("ACSC") course at the Maxwell Air Force Base ("Maxwell A.F.B.") in Alabama, from which he graduated on June 14, 1999.  Id. ¶ 2.  According to the plaintiff, he was scheduled to receive a "final" TR on June 14, the same day he graduated from the ACSC.  Id. ¶ 6.  However, shortly after the plaintiff completed the ACSC course, he was placed on administrative hold, while the Air Force investigated allegations of misconduct that had been made against him.  Id. ¶ 7.  Thus,

---

[1]  At the parties' request, this Court stayed the briefing of the summary judgment motions until after this Court had an opportunity to rule on the plaintiff's Motion for Leave to Correct Amended Complaint and his Motion to Supplement the Administrative Record.  Because this Court concludes that the plaintiff's motions should be granted, it will deny both summary judgment motions without prejudice, to provide the parties an opportunity to file papers that address the newly filed amended complaint.

[2]  The following papers have been submitted to the Court in response to this motion: the defendant's Opposition to Plaintiff's Motion for Leave to Correct the Amended Complaint ("Def.'s Opp'n to Mot. to Am.") and the Plaintiff's Joint Reply to the Defendant's Opposition to Plaintiff's Motion to Correct the Amended Complaint and to Supplement the Administrative Record ("Pl.'s Reply to Def.'s Opp'n to Mot. to Am.").

[3]  The following papers have been submitted to the Court in response to this motion: the defendant's Opposition to Plaintiff's Motion to Supplement the Record ("Def.'s Opp'n to Mot. to Supplement Rec.") and Plaintiff's Joint Reply to the Defendant's Opposition to Plaintiff's Motion to Correct the Amended Complaint and to Supplement the Administrative Record ("Pl.'s Reply to Def.'s Opp'n to Mot. to Supplement Rec.").

Brigadier General John Rossa ("General Rossa"), the school Commandant, did not issue the plaintiff's TR on June 14. Id. ¶ 10. The plaintiff contends that General Rossa failed to follow Air Force's procedures for extending the deadline for issuing a TR, having failed to file for a 59 day extension or complete the TR along with a separate Letter of Evaluation informing subsequent evaluators that there was adverse action pending against him. Id. ¶ 9. While on administrative hold, the plaintiff's status was changed from "student" to college "staff member," and on September 3, 1999, formal charges alleging misconduct unbecoming an officer were filed against him. Id. ¶¶ 12-13. Specifically, the plaintiff was charged with "knowingly and dishonorably purchasing Army Exchange Service merchandise and then re-selling it for personal gain to persons not authorized to purchase the merchandise." Id. ¶ 13. Rather than demanding a trial by court-martial, the plaintiff chose to adjudicate the charges through an Article 15 Non-Judicial Proceeding ("NJP") hearing. Id. ¶ 14. On September 15, 1999, General Rossa "adjudicated Delano's guilt," and the plaintiff was forced to relinquish one-half of two months' pay. Id. ¶ 19. That same day, General Rossa issued the plaintiff's TR, which reflected a "close-out date" of September 14. Id. ¶ 20. The TR documented the outcome of the NJP hearing, noting that the plaintiff had committed an Article 133 offense. Id. ¶ 19. On September 20, the plaintiff gave notice of his intent to appeal the NJP. Id. ¶ 25. The appeal was denied on October 7, 1999, and the NJP was considered a "completed action" on October 21. Id. ¶ 29.

As a result of this negative TR, the plaintiff contends that the management level review board at Randolph Air Force Base assigned to his Promotion Recommendation Form ("PFR") a "do not promote" status. Id. ¶¶ 26-27. The plaintiff was subsequently denied a promotion to the next rank of Lieutenant Colonel in November 1999. Id. ¶ 31. In January 2000, the plaintiff

submitted an appeal to the Evaluation Reports Appeal Board ("ERAB") for the removal of his negative TR, contending, among other things, that the NJP hearing and Article 15 punishment, which did not occur until September 1999, were "outside [the plaintiff's] rating period," because the proper "close out date" was June 14, 1999. Id. ¶ 32. The ERAB denied the plaintiff's appeal on January 20, 2000, concluding that because the plaintiff was on administrative hold, the close out date of June 14 was properly extended to reflect the additional time he remained at Maxwell A.F.B. Id. ¶ 33. The plaintiff appealed this denial to the Air Force Board for Correction of Military Records ("AFBCMR"), arguing that the NJP proceedings should not be included in his TR because (1) the proper close out date of June 14, 1999, came before the NJP hearing; (2) his guilt was determined on September 15, 1999, the day after General Rossa issued his TR; and (3) the NJP process was a "farce . . . used as a screen to document a predetermined guilt." Id. ¶¶ 34, 40-41. The AFBCMR denied this appeal on June 23, 2000, and that following August, the plaintiff entered the Wisconsin Air National Guard. Id. ¶¶ 44-45. In January 2002, the plaintiff again submitted an appeal to ERAB to remove the adverse TR, and on February 27, 2002, this request was again denied. Id. ¶ 47. Later, in 2002, the plaintiff was selected for promotion to Lieutenant Colonel by the Air Force Reserve Promotion Board, despite his adverse TR. Id. ¶ 49. In May 2005, the plaintiff filed this action seeking judicial review of the AFBMCR's and ERAB's denials of his appeals to remove the adverse TR, the NJP finding and sanction, and the 1999 PFR "do not promote" recommendation from his personnel record. Id. ¶ 50. He also seeks to recover his previously forfeited pay. Id. ¶ 50.

## II.     The Plaintiff's Motion to Amend

### A.     Standard of Review

Under Federal Rule of Civil Procedure 15(a), "[l]eave to amend a complaint should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." Richardson v. United States, 193 F.3d 545, 548-49 (D.C. Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). However, a court may deny a motion to amend when the amended pleading could be defeated by a motion for summary judgment or a motion to dismiss, thereby rendering the amended complaint futile. See, e.g., Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n.21 (D.C. Cir. 1983) (holding that a court is under no obligation under Rule 15 to permit filing of second amended complaint when the amendments "constitute futile gestures"); Collyard v. Wash. Capitals, 477 F. Supp. 1247, 1249 (D. Minn. 1979) (denying proposed amended claims as they would be subject to dismissal under Rule 12(b)(6)).

Under Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction, "[t]he plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence." Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998). In reviewing such a motion, this Court must accept as true all the factual allegations contained in the complaint. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). Additionally, in deciding a Rule 12(b)(1) motion, it is well established in this Circuit that a court is not limited to the allegations in the complaint, but may also consider material outside of the pleadings in its effort to determine whether it has jurisdiction in the case. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d

621, 624-25 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 14 (D.D.C. 2001).

### B. The Parties' Argument

The plaintiff now requests leave to correct his amended complaint. While continuing to assert jurisdiction under the APA, the plaintiff seeks to substitute as a basis for this Court's jurisdiction and venue 28 U.S.C. §§ 1355(b)(1)(B), 1395(a) and 1391(e) (2002) for jurisdiction previously asserted under the Little Tucker Act, 28 U.S.C. § 1346(a)(2). Pl.'s Mot. to Am. at 1. The plaintiff also appears to assert 28 U.S.C. § 1355(a) as grounds for this Court's jurisdiction in regards to the monetary relief he is seeking.[4] In opposition to the plaintiff's motion, the defendant argues that the plaintiff's motion fails to satisfy the requirements of Rule 15(a). Def.'s Opp'n to Mot. to Am. at 1. In support of his position, the defendant advances three arguments. First the defendant posits that 28 U.S.C. §§ 1355(b)(1)(B) and 1395(a) apply only to civil proceedings where forfeiture against property obtained through criminal activity is sought, and not to civil proceedings where monetary relief is sought to recover fines or forfeiture imposed as punishment for engaging in criminal activity. Id. at 4. Therefore, the defendant reasons that the amendment proposed by the plaintiff would be futile because the claim to which it applies would

---

[4] Section 1355(a) confers original jurisdiction on federal district courts for any action seeking recovery of a forfeiture or fine. Under § 1355(b)(1)(B), venue is proper "where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title . . . ." 28 U.S.C. § 1355(b)(1)(B). Section 1395 provides that a civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture may be prosecuted in the district where it accrues or the defendant is found, where the property is found, or where the property is brought. 28 U.S.C. § 1395(a)-(c). Section 1391(e) provides for venue in "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States . . . may . . . be brought in a judicial district in which (1) a defendant in the action resides . . . ." 28 U.S.C. § 1391(e).

not withstand a dismissal motion.  Id.  Moreover, the defendant argues that the proposed amendment would be futile because it "does not meet the venue requirements of the Little Tucker Act upon which jurisdiction lies."  Id. at 3.  Second, the defendant opines that because the plaintiff failed to raise his claims regarding his performance recommendation form and the Article 15 hearing before the AFBCMR, he has waived his right to raise these claims in this Court.  Id. at 6.  Finally, the defendant contends that allowing the plaintiff to correct the amended complaint would be unduly prejudicial to the defendant's case, as he has already "formulated his strategy and response" to the plaintiff's complaint.[5]  Id. at 7.

In response, the plaintiff argues that the amended complaint would not be futile because it would survive any dispositive motion filed by the defendant.  As support of his position, the plaintiff first opines that § 1355's broad language applies to the forfeiture of pay imposed pursuant to a NJP, and therefore confers jurisdiction on this Court and makes this Court the appropriate venue for the litigation of this action.  Pl.'s Reply at 1-3.  In the alternative, the plaintiff contends that the amended complaint brings this action "squarely within" the parameters of the APA because his waiver of the NJP fine transforms the claim into one that is seeking primarily equitable relief.  Pl.'s Mot. to Am. at 8-9.  Further, the plaintiff argues that he raised the NJP and TR claims with the AFBCMR, and that this Court should exercise its discretionary power to review the administrative ruling.  Id. at 6-7.  Finally, because the defendant will have the opportunity to "adjust its strategy" to respond to the plaintiff's amended complaint, the

---

[5] In the event this Court grants the plaintiff's motion to correct the amended complaint, the defendant requests that "the Court stay [resolution of the] pending dispositive motions and provide a new briefing schedule so that the [d]efendant has an opportunity to account for [the] [p]laintiff's" corrected complaint.  Def.'s Opp'n to Pl.'s Mot. to Am. at 8.

plaintiff posits that the defendant will not be unduly prejudiced if the Court grants his motion to correct the amended complaint. Id. at 10.

    C.    **Analysis**

As previously noted, the defendant offers three arguments in opposition to the plaintiff's motion to correct the amended complaint. The Court will address each in turn.

First, the defendant contends that granting the amendment would be futile since the corrected complaint would be subject to dismissal because the plaintiff is not seeking to recover a fine, forfeiture, or penalty within the meaning of the forfeiture statutes, 28 U.S.C. § 1355(b)(1)(B), 1395(a), and 1391(e), "such that jurisdiction and venue would lie in this Court." Def.'s Opp'n to Mot. to Am. at 3. The main thrust of the defendant's argument is that these forfeiture statutes apply to complaints that "involve[] due process challenges to civil forfeitures of illegal gains from a plaintiff's criminal activity under these forfeiture statutes." Id. at 5. The defendant contends that the military pay the plaintiff was required to forfeit was "earned based upon his military service, not the misconduct he committed . . . [, and] therefore, it is not an illegal gain like those forfeited in . . . other cases." Id. Additionally, the defendant argues that the forfeiture statutes are not applicable to non-judicial, Article 15 military proceedings. Id.

Even assuming the government is correct that jurisdiction does not lie under § 1355, that alone would not mandate dismissal of the amended complaint. It is well-settled in this Circuit that "[e]ven if a litigant's claim was worth more than $10,000, if he voluntarily waived his right to recover more than $10,000 he could remain within the jurisdiction of the regular federal courts, and would not be compelled to litigate in the [Court of Federal Claims.]" Stone v. United States, 683 F.2d 449, 451 (D.C. Cir. 1982). Courts frequently afford plaintiffs the opportunity to

file an amended complaint to make such a waiver if the Court has previously concluded that the claims raised by a plaintiff invoke the jurisdiction of the Court of Federal Claims through the Tucker Act. See, e.g., Wiggins v. Powell, 2005 WL 555417, at *12 (D.D.C. 2005); Bliss v. England, 208 F. Supp. 2d 2, 7 (D.D.C. 2002). By waiving monetary reimbursement, the plaintiff's prayer for relief becomes purely injunctive, aimed at solely "correcting" his service record. In Calloway v. Brownlee, this Court ruled that the Little Tucker Act did not strip the Court of jurisdiction when the plaintiff waived monetary compensation, and instead sought only equitable relief. Calloway v. Brownlee, 366 F. Supp. 2d 43, 52 (D.D.C. 2005). In reaching this conclusion, this Court noted that "any monetary damages would not flow from the case before this Court, but rather from later proceedings before Army boards of review." Id. This Court went on to note that any monetary benefits the plaintiff might reap were "not automatic and would not flow directly from the outcome of this litigation."[6] Id. at 53. Such is the situation here.

In the plaintiff's Corrected Amended Complaint, he has agreed to waive recovery of the NJP pay forfeiture sanction in the event this Court finds that the forfeiture statutes does not provide a basis for jurisdiction in this Court. Def.'s Mot. to Am. at 4; Plaintiff's Amended Complaint for Declaratory Relief at 15. The defendant does not argue that this conditional waiver is improper, and this Court can find no reason to conclude that it is. In fact, the conditional waiver is in the interest of judicial economy. For example, if this Court were to

---

[6] For example, as this Court noted in Calloway, to obtain monetary relief, the plaintiff would first have to succeed on his claims that were before this Court. If successful, he could then petition the Air Force to commence an administrative review of the denial of his promotions. Only if successful in a new administrative review, or in a later appeal of an adverse decision from that administrative review, could the plaintiff be entitled to monetary relief. Calloway v. Brownlee, 366 F. Supp. 2d at 53.

conclude that the forfeiture statutes do not provide a basis for this Court's jurisdiction, the proper course would be to provide the plaintiff leave to file an amended complaint setting forth an explicit waiver of monetary damages in order to maintain his APA claim. See Wiggins, 2005 WL 555417, at *12; Bliss, 208 F. Supp. 2d at 7.  The plaintiff's intention to waive his request for monetary damages in order for this Court to retain jurisdiction over this case is clear.  Thus, by acquiescing to this conditional waiver, the Court can avoid the timely process of having an amended complaint filed and dispositive motions submitted in response to it, which would surely follow, and proceed immediately to address the merits of the parties' arguments.

   Despite this conditional waiver, the defendant argues that the Little Tucker Act places venue in the United States Court of Federal Claims or in the district court where the plaintiff resides, as the plaintiff's claim is "really an attempt to recover non-tort money damages." Def.'s Opp'n to Mot. to Am. at 6.  This argument is without merit.  Here, like the plaintiff in Calloway, the plaintiff has raised the issue of his non-selection for promotion in his complaint; however, it is clear that his complaint does not ask this Court to review his non-selection, rather, the plaintiff seeks only to challenge the denial of his request to remove the contested TR and PRF from his personnel file.  Compl. at 15.  By waiving monetary reimbursement if this Court concludes that a claim for such relief would preclude it from exercising jurisdiction, nothing otherwise in the plaintiff's complaint can be construed as an attempt to obtain monetary relief in this Court, and accordingly, the Little Tucker Act does not prevent this Court from retaining jurisdiction over this case. See Stone v. United States, 683 F.2d 449, 451 (D.C. Cir. 1982) (noting that if a plaintiff voluntarily waived his right to recover more than $10,000, "he could remain within the jurisdiction of the federal courts[,] . . . [and that] [s]uch waivers are now well established in the

Tucker Act case law"). Thus, even if the forfeiture statutes are not applicable to the plaintiff's challenge to the forfeiture of his military pay, permitting the correction of his amended complaint is not an act of futility as the APA confers jurisdiction and venue upon this Court in regards to the challenge of the AFBMCR's and ERAB's denials of his petitions to correct his military records.[7]

The defendant's remaining arguments are also without merit. First, the defendant briefly opines that the plaintiff's failure to raise certain claims before the AFBCMR constituted a waiver of his right to raise the issue before this Court. Def.'s Opp'n to Mot. to Am. at 6. The defendant is essentially asserting that the plaintiff has failed to exhaust his administrative remedies. While failure to exhaust administrative remedies is certainly a basis to dismiss a claim, there are exceptions to that general rule. See, e.g., Committee for G.I. Rights v. Colloway, 518 F.2d 466, 474 (D.C. Cir. 1975) (noting that courts have developed exceptions to the exhaustion doctrine, which prevents premature interruption of the administrative process, when "the reasons supporting the doctrine are found inapplicable"). Exhaustion failure does not require dismissal under Rule 12(b)(6). Accordingly, this Court cannot conclude, based upon the papers currently before it, the merit of defendant's Rule 12(b)(6) argument. And therefore, it cannot conclude that the rule renders the amended complaint futile.[8]

Finally, the defendant opposes the plaintiff's motion to correct the amended complaint on

---

[7] Because this Court concludes that the plaintiff has effectuated a proper waiver, albeit conditional, and thus correcting the amended complaint would not be futile, it need not reach the merits of the defendant's claim that the forfeiture statutes prohibit the monetary relief requested. The Court anticipates that the defendant will raise this issue again in a summary judgment motion that presumably will be filed.

[8] The defendant also argues that the motion to correct the amended complaint should be denied because the plaintiff's action could not survive a summary judgment motion. This argument is premature, as it is impossible to review the merits of a summary judgment motion that is not yet ripe for the Court's review.

the ground that the defendant will be unduly prejudiced. Def.'s Opp'n to Mot. to Am. at 7.

While the Court recognizes that the defendant has already invested time and an energy into developing a strategy, the Court believes that by allowing both parties to re-submit their Summary Judgment motions, it will alleviate any potential unnecessary burdens that might prejudice the defendant. Therefore, the defendant will have ample opportunity to re-formulate, if necessary, his strategies for defending against this action.

In sum, the Court finds all of the defendant's argument without merit and grants the plaintiff's motion for leave to correct the amended complaint.

### III.    The Plaintiff's Motion to Supplement the Record

#### A.    Standard of Review

It is well-settled law that "[j]udicial review of agency action [under the APA] is normally confined to the full administrative record before the agency at the time the decision was made. The focal point for judicial review should be the administrative record already in existence . . . ." Nat'l Wilderness Inst. v. U.S. Army Corps of Engineers, 2005 WL 691775, * 9 (D.D.C. March 23, 2005) (quoting Environmental Def. Fund, Inc., v. Costle, 675 F.2d 275, 284 (D.C. Cir. 1981). Indeed, "supplementation of the administrative record is the exception, not the norm." Id. However, the courts have developed a number of limited instances where supplementation of the administrative record is appropriate, including:

> (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for failure to take action; (7) in cases arising under the National

> Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989); see also Beach Communications, Inc., v. F.C.C., 959 F.2d 975, 987 (D.C. Cir. 1992) ("'[I]t may sometimes be appropriate to resort to extra-record information to enable judicial review [of agency action] to become effective'. . . . Where this court 'needs more evidence to enable it to understand the issues clearly,' . . .[it has] discretion to supplement an administrative record.") (internal citation omitted).

### B. The Parties' Arguments

The plaintiff also has filed a motion to supplement the administrative record with Exhibit A ("Pl.'s Ex. A"), an "'Education/Training Report (TR) Notice' issued late February in March 1999 by the Air Force" as "part of Delano's personnel record."[9] Pl.'s Mot. to Supp. Rec. at 1; Pl.'s Mot. to Supp. Rec., Ex. A. According to the plaintiff, this document states that "Delano 'is due' a Final TR . . . with dates: 'FROM: 15FEB90 THRU 14FEB99," . . . "with 'completed TR due . . . by 01MAR99.'" Id. The plaintiff argues that this document is relevant because it provides the proper date from which the year long evaluation period in his TR should have commenced, and because it also designates the appropriate date by which the TR should have been completed. Id. at 2. In opposition, the defendant argues that Pl.'s Ex. A is not relevant to the agency's final decision, and therefore does not meet one of the eight exceptions which permit supplementation of the Administrative Record. Def.'s Opp'n to Mot. to Supp. Rec. at 2.

---

[9] In his initial Motion to Supplement the Administrative Record, the plaintiff sought to add two exhibits to the record. However, in his response to the defendant's opposition to the plaintiff's motion to supplement, the plaintiff withdrew his request to supplement the record with Exhibit B. Pl.'s Reply to Def.'s Opp'n to Mot. to Supplement Rec. at 16. Accordingly, the Court will only address Exhibit A.

Specifically, the defendant posits that Pl's. Ex. A is not relevant because "it does not determine the 'thru' date of the TR at issue in this case." Opp'n to Pl.'s to Supp. Rec. at 3.

### C.     Analysis

While the defendant is correct that judicial review of agency actions should focus on the administrative record, see Camp v. Pitts, 411 U.S. 138, 142 (1973); Marinangeli v. Lehman, 32 F. Supp. 2d 1, 5 (D.D.C. 1998), as noted, courts have developed several exceptions where supplementation of the record is appropriate. See Esch, 876 F.2d at 991. One recognized exception is when the supplemental information is relevant to the final decision. Id. Despite the defendant's contention that Pl.'s Ex. A is irrelevant, the Court finds this argument unpersuasive. Federal Rule of Evidence 401 adopts a broad interpretation of relevancy, defining such evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. of Evid. 401; see New Jersey v. T.L.O., 469 U.S. 325, 344 (1985) (adopting an expansive view of relevancy, noting that relevant evidence "need not conclusively prove the ultimate fact in issue"). The defendant argues that Pl.'s Ex. A lacks relevance because Air Force rule 36-2402 provides for the proper "thru" date, which is based on the plaintiff's enrollment in the ACSC and not on any prior assignment. Def.'s Opp'n to Mot. to Supp. Rec. at 3. In response, the plaintiff argues that the TR Notice contained in Pl.'s Ex. A is relevant because it is based upon his enrollment in the ACSC course, and it was purportedly not filed in October 1999, after his June 1999 graduation. Pl.'s Reply to Def.'s Opp'n to Mot. to Supp. Rec. at 11. Irrespective of these conflicting views, it is clear that this document is relevant because it allegedly provides information regarding the disputed close-out date, which the plaintiff contends

the Air Force exceeded by nearly 8 months. Whether or not this date was extended by later promulgation of Air Force Regulations, or whether this date was properly modified, Def.'s Opp'n to Pl's Mot. To Supp. Rec. at 3, are not issues that have to be addressed in deciding the instant motion. Rather, the issue now before the Court is whether the TR Notice is relevant, and if so, whether the Court, in its discretion, should permit it to be made part of the Administrative Record. Having concluded that this document is relevant for the purpose indicated above, the Court concludes that the plaintiff's motion to supplement the administrative record should be granted.

### IV.   Conclusion

For the aforementioned reasons, the Court grants both the plaintiff's Motion to Correct the Amended Complaint and his Motion to Supplement to Administrative Record.

**SO ORDERED** this 6th day of September, 2005.[10]

>                                        REGGIE B. WALTON
>                                        United States District Judge

---

[10] An Order consistent with this Memorandum Opinion accompanies this opinion.