UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KENNETH J. DELANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-0830 (RBW) |
| | ) | |
| JAMES G. ROCHE, | ) | |
| Secretary of the Air Force | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the defendant's motion for dismissal or alternatively summary judgment, and the plaintiff's cross motion for summary judgment. Defendant's Renewed Motion to Dismiss or, in the Alternative, for Summary Judgment at 1; Plaintiff's Renewed Cross-Motion for Summary Judgement at 1.[1] The plaintiff, United States Air Force Major Kenneth Delano,[2] has brought suit under the Administrative Procedure Act ("APA") against the Air Force, seeking to set aside a decision of the Air Force Board for

---

[1] Also submitted to the Court along with these pleadings are a Memorandum of Points and Authorities in Support of Defendant's Renewed Motion to Dismiss, or, in the Alternative, for Summary Judgment ("Def.'s Mem."); the Defendant's Statement of Material Facts to Which There Is No Genuine Dispute; the Plaintiff's Memorandum of Points and Authorities in Support of Cross-Motion for Summary Judgment, and Opposition to Defendant's Motion to Dismiss or for Summary Judgment ("Pl.'s Opp'n"); the Plaintiff's Renewed Statement of Opposing Material Facts as to Which There Is No Genuine Dispute; the Defendant's Reply to Plaintiff's Opposition to Defendant's Renewed Motion to Dismiss or, in the Alternative, for Summary Judgment and Defendant's Opposition to Plaintiff's Cross Motion for Summary Judgment ("Def.'s Reply"); and the Plaintiff's Reply to Defendant's Opposition to Plaintiff's Renewed Motion for Summary Judgment ("Pl.'s Reply").

[2] Major Delano was formerly on active duty as a member of "the regular United States Air Force," and "is currently on full-time active duty in the Air Force Active Guard/Reserve Program (AGR), in the Reserve component of the Air National Guard of the United States." Amended Complaint at 1.

1

Corrections of Military Records ("AFBCMR"), which denied his request to remove from his military record a Training Report Air Force Form 475 ("TR"), an Article 15 Non-Judicial Proceeding ("NJP"), and a Promotion Recommendation Form ("PRF").  Amended Complaint ("Am. Compl.") at 14-15.  For the reasons set forth below, the Court will grant the defendant's motion for summary judgment.

## I. Factual Background

The plaintiff completed a 14-week Advanced Program Management Course at the Defense Systems Management College at Fort Belvior, Virginia, in April 1998.  Am. Compl. ¶ 2.  On April 17 of that year, the plaintiff received a TR indicating that his training commenced on January 12, 1998, and was completed on April 17, 1998.  Id. ¶ 4.  He subsequently attended a 42-week Air Command and Staff College ("ACSC") course at the Maxwell Air Force Base ("Maxwell AFB") in Alabama, from which he graduated on June 14, 1999.  Id. ¶ 2.  According to the plaintiff, he was scheduled to receive a "final" TR on June 14, the same day he graduated from the ACSC.  Id. ¶ 6.  However, shortly after the plaintiff completed the ACSC course, he was placed on administrative hold, while the Air Force investigated allegations of misconduct that had been made against him.  Id. ¶ 7.  Thus, Brigadier General John Rosa ("General Rosa"), the school Commandant, did not issue the plaintiff's TR on June 14.  Id. ¶ 10.  The plaintiff contends that General Rosa failed to follow the Air Force procedure for extending the deadline for issuing a TR, having failed to file for a 59-day extension or complete the TR along with a separate Letter of Evaluation informing subsequent evaluators that there was adverse action pending against him.  Id.  While on administrative hold, the plaintiff's status was changed from "student" to college "staff member," and on September 3, 1999, formal charges alleging

misconduct unbecoming an officer were filed against him. Id. ¶¶ 12-13. Specifically, the plaintiff was charged with "knowingly and dishonorably purchasing Army Exchange Service merchandise and then re-selling it for personal gain to persons not authorized to purchase the merchandise during the period December 1998 to March 1999." Id. ¶ 13. Rather than demanding a trial by court martial, the plaintiff chose to adjudicate the charges through an Article 15 NJP. Id. ¶ 14. On September 15, 1999, General Rosa "adjudicated Delano's guilt" of the charged violation, and the plaintiff was issued a reprimand and forced to relinquish one-half of two months' pay. Id. ¶ 19. That same day, General Rosa issued the plaintiff's TR, which reflected a "close out date"[3] of September 14. Id. ¶ 20. The TR documented the outcome of the NJP hearing, noting that the plaintiff had committed an Article 133 offense. Id. ¶ 19. On September 20, the plaintiff gave notice of his intent to appeal the NJP. Id. ¶ 25. The appeal was denied on October 7, 1999, and the NJP was considered a "completed action" on October 21. Id. ¶ 29.

     As a result of this negative TR, the plaintiff contends that the management level review board at Randolph Air Force Base assigned to his PRF the status of "do not promote." Id. ¶¶ 26-27. The plaintiff was subsequently denied a promotion to the next rank of Lieutenant Colonel in November 1999. Id. ¶ 31. In January 2000, the plaintiff submitted an appeal to the Evaluation Reports Appeal Board ("ERAB") for the removal of his negative TR, contending, among other things, that the NJP hearing and Article 15 punishment, which did not occur until September 1999, "were outside [the plaintiff's] rating period," because the proper "close out date" was June

---

[3] A "close out date" is the date when a TR is closed, and the last day of the period which the substance of the TR reflects.

3

14, 1999. Id. ¶ 32. The ERAB denied the plaintiff's appeal on January 20, 2000, concluding that because the plaintiff was on administrative hold, the close out date of June 14 was properly extended to reflect the addition time he remained at Maxwell AFB. Id. ¶ 33. The plaintiff appealed this denial to the AFBCMR, arguing that the NJP proceedings should not be included in his TR because (1) the proper close out date of June 14, 1999, came before the NJP hearing; (2) his guilt was determined on September 15, 1999, the day after General Rosa issued his TR; and (3) the NJP process was a "farce . . . used as a screen to document a predetermined guilt," which violated his due process rights. Id. ¶¶ 36, 40-41. The AFBCMR denied this appeal on June 23, 2000, and that following August, the plaintiff entered the Wisconsin Air National Guard. Id. ¶¶ 42, 45. In January 2002, the plaintiff again submitted an appeal to the ERAB seeking to have the adverse TR removed from his file, and on February 27, 2002, this request was again denied. Id. ¶¶ 46-47. Later that year, the plaintiff was selected for promotion to Lieutenant Colonel by the Air Force Reserve Promotion Board, despite his adverse TR. Id. ¶ 49. In May 2005, the plaintiff filed this action seeking judicial review of the AFBCMR's and the ERAB's denials of his appeals to remove the adverse TR, the NJP finding and sanction, and the 1999 PFR "do not promote" recommendation from his personnel record. Id. ¶ 50. He also seeks to recover his previously forfeited pay. Id.

## II.  Standards of Review

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), this Court must view all allegations and facts in the complaint in the light most favorable to the plaintiffs and must grant the plaintiffs the benefit of all inferences that can be derived from those facts. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Barr v. Clinton, 370

F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint.  Kowal, 16 F.3d at 1276.  Only the facts alleged in the complaint, documents attached as exhibits, and matters about which the Court may take judicial notice can be considered.  EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997).  The Court will dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Summary judgment is generally appropriate when the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A material fact is one that "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  It is generally understood that when considering a motion for summary judgment a court must "draw all justifiable inferences in the nonmoving party's favor and accept [that] nonmoving party's evidence as true." Greene v. Amritsar Auto Servs. Co., 206 F. Supp. 2d 4, 7 (D.D.C. 2002) (citing Anderson, 477 U.S. at 255).  The nonmoving party must establish more than "[t]he mere existence of a scintilla of evidence in support of [his] position." Anderson, 477 U.S. at 252.  The District of Columbia Circuit has noted that the nonmoving party may not rely solely on mere conclusory allegations.  Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999).  Thus, "[i]f the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

### III.  Legal Analysis

The defendant argues (1) that the plaintiff's requests to set aside his PRF and NJP must be deemed waived because he failed to present them to the AFBCMR, Def.'s Mem. at 7; (2) that alternatively, the same requests should be dismissed because the plaintiff failed to exhaust his administrative remedies, id.; (3) that the defendant is entitled to summary judgment on the plaintiff's request to set aside the TR because the decision of the AFBCMR was not arbitrary, capricious, or contrary to law, id. at 18-19; (4) that the defendant is entitled to summary judgment on the plaintiff's request to set aside the NJP because the punishment was properly administered, id. at 31; (5) that the defendant is entitled to summary judgment on the plaintiff's request to set aside the PRF because at the time the PRF was completed, all comments contained therein were appropriate, id. at 34; and (6) that this court lacks jurisdiction over the plaintiff's claim for pecuniary damages, id. at 39.  The plaintiff answers these arguments, responding (1) that he is entitled to summary judgment for his request to set aside the TR because subsequent revision of Air Force Regulations establish that General Rosa was not permitted to extend the TR period at the time he did so, Pl.'s Opp'n at 15; and (2) that he is entitled to summary judgment on his request to set aside the NJP because the circumstances indicate that procedural due process was violated due to the predetermination of his guilt, id. at 26.

The Court will first address the defendant's motion for dismissal, and then the parties' cross-motions for summary judgment.  Because summary judgment is awarded to the defendant, the Court need not address the defendant's jurisdictional argument regarding the pecuniary damages sought.

**(A) The Defendant's Motion to Dismiss**

The defendant argues that this Court lacks jurisdiction to set aside the NJP and the PRF because the defendant did not present the issues concerning these items to the AFBCMR. Def.'s Mem. at 7. As noted, the plaintiff brings this action under the APA. Am. Compl. at 14. The APA grants this Court jurisdiction to review final agency actions. 5 U.S.C. § 704 (1988). However, the Supreme Court has interpreted this to mean that "an appeal to 'superior agency authority' is a prerequisite to judicial review [of an agency decision] only when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review." Darby v. Cisneros, 509 U.S. 137, 154 (1993) (emphasis in original). Darby has subsequently been applied in the military context. Wilhelm v. Caldera, 90 F. Supp. 2d 3, 7 (D.D.C. 2000). In Wilhelm, the plaintiff sought to expunge certain documents from his United States Army personnel file. Id. at 5. Although the plaintiff could have sought review from the Army Board for the Correction of Military Records, the court ruled that under Darby it had jurisdiction to entertain the plaintiff's case, even though agency review had not been pursued, as there was no law or regulation "expressly" requiring review by the Board. Id. at 7.

Contrary to the holding in Wilhelm, another member of this Court seemingly held in Lewis v. Rumsfeld that, in failure to promote situations, appeals to military boards are required in all cases "where the damages suffered by the delay are not irreparable (i.e., the delay can be compensated by awarding back pay, seniority, etc.) . . . ." 154 F. Supp. 2d 56, 60-61 (D.D.C. 2001) (citing Dowds v. Bush, 792 F. Supp. 1289, 1291 (D.D.C. 1992)). Under this view, the plaintiff would be required to appeal to the AFBCMR before seeking review under the APA in

this Court.  However, the Lewis opinion failed to take into account the rulings in Darby or Wilhelm, and this Court therefore holds that Lewis, to the extent that it would require exhaustion in a case like the situation here, is not a correct view of the law of exhaustion of administrative remedies as understood by this Court.

As precedent for its exhaustion position, the defendant mistakenly relies on Brannum v. Lake, 311 F.3d 1127 (D.C. Cir. 2002).  Def.'s Reply at 2-3.  In Brannum, the plaintiff sought review of a NJP in this Court.  Id. at 1128.  Brannum, however, did not seek relief under the APA, but instead attempted to directly attack the NJP ruling on its merits.  Id.  As with most military decisions, direct review of a NJP is not permitted.  Id. at 1131.  However, because a complainant may seek review of a NJP under the APA after a military board has heard his appeal, and because appeal to the AFBCMR is not mandatory but elective, under Darby, 509 U.S. at 154, the Court may review a NJP under the APA when a plaintiff chooses not to seek review from the Board.  Accordingly, the defendant's motion to dismiss must be denied.

### (B) The Parties' Cross-Motions for Summary Judgment

The AFBCMR's decision denying the plaintiff's request to set aside his TR adopted as its reasoning the contents of two advisory opinions from the Air Force Directorate of Personnel Program Management.  Def.'s Mem., Exhibit A (AFBCMR Administrative Record ("Admin. Rec.")) at 3, 35-39.  The plaintiff challenges this decision under the APA.  Am. Compl. at 14.

The plaintiff bears the burden under the APA of establishing that the defendant's actions were arbitrary, capricious, and an abuse of discretion.  5 U.S.C. § 706(2) (2000); Calloway v. Brownlee, 366 F. Supp. 2d 43, 53 (D.D.C. 2005). As noted in Calloway, "an agency action is

arbitrary and capricious if the agency failed to follow procedure as required by law, or has entirely failed to consider an important aspect of the case presented to them." 366 F. Supp. 2d at 53 (citing Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)). However, this requirement "does not mean that an agency's decision must be a model of analytic precision to survive a challenge. A reviewing court will uphold a decision of less than ideal clarity if the agency's path may be reasonably discerned." Dickson v. Secretary of Defense, 68 F.3d 1396, 1404 (D.C. Cir. 1995) (internal quotation marks and citations omitted).

Components of the military, such as the AFBCMR, are afforded a higher level of deference than civilian administrative agencies. Calloway, 366 F. Supp. 2d at 53 (citing Kreis v. Air Force, 866 F.2d 1508, 1514-15 (D.C. Cir. 1989)). This higher level of deference "is calculated to ensure that the courts do not become a forum for appeals by every soldier dissatisfied with his or her ratings, a result that would destabilize military command and take the judiciary far afield of its area of competence." Cone v. Caldera, 223 F.3d 789, 793 (D.C. Cir. 2000). Thus, a military board's decision will be sustained if it "minimally contain[s] a rational connection between the facts found and the choice made." Frizelle v. Slater, 111 F.3d 172, 176-77 (D.C. Cir. 1997) (internal quotation marks and citations omitted). Moreover, a court cannot "substitute its judgment for that of the agency," Motor Vehicle Mfrs. Ass'n, 463 U.S. at 43, or "supply a reasoned basis for the [agency's] decision[] that the [agency] itself has not offered." Puerto Rico Higher Educ. Assistance Corp. v. Riley, 10 F.3d 847, 850 (D.C. Cir. 1993) (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)). However, a military board's decision which fails "to respond to arguments raised by a plaintiff, which do not appear frivolous on their face and which could affect the Board's ultimate disposition, is arbitrary." Calloway, 366 F. Supp. 2d

at 55 (citing Frizelle, 111 F.3d at 177 (other citation omitted)). Thus, to survive judicial review, a military board's decision must convey that it "examined the relevant data and articulated a satisfactory explanation for its action." Id. at 54 (quoting Riley, 10 F.3d at 850).

The plaintiff relies heavily on the fact that soon after the AFBCMR decision was rendered, the relevant Air Force Instructions ("AFIs") were revised to explicitly permit what the AFBCMR contended the AFIs implicitly permitted prior to the revision. Pl.'s Opp'n at 15. The plaintiff takes exception with the AFBCMR's pre-revision interpretation of the AFIs. Id. Specifically, the plaintiff notes that the earlier version of the AFIs stated that the TR is due when "the training or course ends," whereas the revised AFIs state that the TR is due "when the officer is released by the training organization." Id. In addition, argues the plaintiff, the effect of the July 2000 revision was "to gut" the provision that limited TR raters to 59 days to complete their ratings, which now permits commanders to "send a request for deviation or waivers" if they find "certain rules inconvenient or bothersome." Id. at 16.

The only case cited by the plaintiff to support his position is Neal v. Sec'y of Navy, 639 F.2d 1029, 1044 (3d Cir. 1981). Pl.'s Opp'n at 15.[4] His reliance on Neal is misplaced. In Neal, the subsequent changes made by the Navy were unquestionably alterations. 639 F.2d at 1044. The alterations made in Neal did not explicitly codify the defendant's prior interpretation, but instead were the very changes that the plaintiff argued should have been in place. Id. Here, in contrast, the defendant maintains that the revisions to the AFIs were mere clarifications, and the policies themselves never changed. Def.'s Reply at 8-9; Def.'s Mem. at 23. This Court sees no

---

[4]The plaintiff subsequently cites several cases that address when retroactive application of a provision is permissible, though his position on this point assumes that the revisions to the AFIs were applied retroactively to his situation. Pl.'s Opp'n at 18.

10

reason not to take the defendant at his word. The AFBCMR, through the advisory opinions it adopted, articulates clear reasons to interpret the AFIs as it did. Admin. Rec. at 35-39. The opinions stated that exceptions to the AFIs are understood to exist as a matter of necessity, and that this is one of those cases. Id. at 36. "[S]tudents are the responsibility of the training organization until that organization releases them back to their unit of assignment . . . or for reassignment," and it is thus logical to delay the issuance of a TR if a student is not reassigned until several months after completion of a training program. Id. The plaintiff does not dispute the propriety of his remaining at Maxwell AFB while he was under investigation for the misconduct allegations, nor does he offer any policy arguments as to why the AFIs should not be interpreted as they were under his unusual circumstances. Instead, the plaintiff develops a string of arguments that ultimately rest on the idea that the AFBCMR molded the rules with some nefarious motive, while providing no evidence that the AFBCMR did not interpret them in the manner best to achieve the rules' purpose. Pl.'s Opp'n at 19-26.

  When an appeal to the AFBCMR is the result of a complainant's misreading of an AFI, it is perfectly natural to amend the AFI to bring about clarification. As already noted, this Court must afford a high level of deference to the AFBCMR when reviewing its decisions under the APA, and the arguments advanced by the plaintiff do not provide a basis for this Court to reject its position. See Calloway, 366 F. Supp. 2d at 53 (citing Kreis, 866 F.2d at 1514-15).

  The plaintiff also contends that the NJP violated procedural due process because a "predetermination of guilt" had been made before the NJP decision was rendered. Pl.'s Opp'n at 26. The plaintiff supports this view with the fact that although the TR and NJP were both signed and made effective on September 15, 1999, the TR makes specific reference to the plaintiff

having received an Article 15 punishment, despite reflecting a close out date of September 14, 1999.  Am. Compl. ¶¶ 19-20; Pl.'s Opp'n at 26-27.  The plaintiff concludes that General Rosa, having prepared a TR which alludes to the plaintiff's guilt, must have prejudged him guilty.  Pl.'s Opp'n at 26-27.

The defendant points out, however, that the plaintiff had presented General Rosa with a written statement in his defense on September 10, 1999.  Def.'s Mem. at 32; Admin. Rec. at 21.  General Rosa therefore had all the relevant evidence before him, and was entitled to anticipate the outcome.  The fact that an unsigned TR referring to the plaintiff's guilt existed on September 14, 1999, in no way demonstrates that General Rosa was unwilling to acquit the plaintiff before he knew all the facts.  In any event, the evidence offered by the plaintiff does not rise to the level that would cause this Court to reject the heightened degree of deference that General Rosa's decision is entitled to receive under APA review.

Because none of the evidence offered by the plaintiff is sufficiently probative to support his claims, summary judgment in favor of the defendant is appropriate.

## IV.  Conclusion

For the foregoing reasons, the Court grants the defendant's motion for summary judgment.[5]

**SO ORDERED** this 19th day of September, 2006.

                                                                REGGIE B. WALTON
                                                                United States District Judge

---

[5] An Order consistent with this Court's ruling accompanies this Memorandum Opinion.